**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID S. RALSTON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-6348** |
| **BLACKWATER DIVING, LLC.** | **SECTION: "A" (4)** |

**ORDER**

Before the Court is Defendant, Blackwater Diving, LLC.'s ("Defendant") **Motion for More Definite Statement (R. Doc. 6)** seeking an Order from this Court requiring Plaintiff, David S. Ralston ("Plaintiff") to amend his complaint to (1) clarify and identify the job titles and duties of "offshore personnel"; (2) to define the scope of and the persons who are members of the proposed class; (3) to assert factual allegations which demonstrate why the Fair Labor Standard Act's ("FLSA") seaman exemption does not apply to Plaintiff or the proposed members of the class; and (4) to assert factual allegations which demonstrate how Plaintiff and the putative class members are similarly situated. *See* R. Doc. 6, p. 3. This motion is opposed. *See* R. Doc. 12. Defendant filed a reply. *See* R. Doc. 16. It was heard on the briefs on January 8, 2014.

**I. Background:**

Plaintiff filed a collective action individually, and on behalf of other similarly situated employees of Defendant, on November 6, 2013, to recover unpaid overtime wages from Defendant, pursuant to §16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. *See* R. Doc. 1, p. 1, ¶¶ 1-2.

Plaintiff alleges that the putative class members are "all current and former hourly offshore personnel who have been employed at any time by Defendant [] within the past three years." *Id.* at ¶¶ 3-5.

Specifically, Plaintiff, alleges that he, as well as other current, and former hourly offshore employees ("similarly situated employees") of Defendant were required to work "off the clock" and allegedly not paid overtime compensation for hours which they worked in excess of 40 hours. Plaintiff alleges that this time included time to attend "(a) mandatory daily safety meetings prior to the start of their twelve-hour shifts, (b) man to man shift relief, and (c) travel time spent mobilizing and demobilizing prior to and following each hitch." *Id.* at ¶1-2,¶12.

He alleges that any additional time spent performing these activities were not accurately recorded by Defendant. As such, Plaintiff alleges that he and similarly situated employees were only compensated for a limited amount of scheduled work time, and not for the actual hours they worked or "performed activities which were an integral and dispensable part of their job duties." *Id.* at ¶13.

Plaintiff therefore claims that Defendant violated the provision of §§ (6) and (7) of the FLSA, 29 U.S.C.§§ 206, 207, 215 (a)(2), by "employing employees in an enterprise engaged in commerce or in the production of goods for commerce" for more than 40 hours per week without compensating them at the appropriate hourly rates. *Id.* at ¶15. As a result, Plaintiff's complaint seeks liquidated damages equal in amount to the unpaid compensation and/or wages owed to Plaintiff and those similarly situated employees who join in the action, attorneys fees, costs, pre-judgment and post-judgment interest from Defendant for himself, as well as other employees who are victims of Defendant's unlawful compensation practices and failure to pay wages and overtime compensation at the rates required by the FLSA. *Id.* at ¶¶19-21. Plaintiff further alleges that regardless of the

specific job title or precise job requirement, each putative member is entitled to be properly compensated for all the hours worked in excess of 40 hours.

In lieu of filing its answer, Defendant filed the instant motion for more definite statement on December 11, 2013, seeking an Order from this Court requiring Plaintiff to amend the complaint on the grounds that it is so vague and ambiguous, that the Defendant cannot respond. *See* R. Doc. 6, p. 1. Specifically, Defendant argues that Plaintiff's complaint refers to "hourly offshore personnel" which is broad, and may potentially include boat captains, pilots, stewards, mates, engineers, deckhands, boatswains, mechanics, navigators, technicians, cooks, welders, divers, electricians, and many other positions, which Defendant argues, leaves it guessing as to which employees Plaintiff claims it allegedly failed to pay overtime in violation of the FLSA. *Id.* at p. 2, ¶3.[1]

Defendant also argues that because Plaintiff's complaint does not limit the proposed class of similarly situated employees to divers, it is unable to know whether Plaintiff intends to limit the action only to divers, or to all persons who worked offshore, regardless of their duties. Therefore, Defendant argues that the complaint is vague and virtually impossible to respond to because it does not accurately describe the scope and meaning of "offshore personnel" and which "job duties" are at issue. *Id.* at ¶¶ 4-6.

## II. <u>Standard of Review</u>

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so expressly vague, ambiguous [or unintelligible] that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P.

[1] Defendant raises this argument, because Plaintiff was allegedly employed as a diver. Therefore, it is unsure as to whether Plaintiff intended to limit the action to divers alone, or all hourly employees that could potentially have been affected. *See* R. Doc. 6, ¶3, n.1.

12(e).

Although Rule 12(e) motions are available as a remedy, motions for more definite statements are generally disfavored because "of the liberal pleading standard set forth in Rule 8." *Cousin v. Small,* No. 00-0069, 2000 WL 1100384, at *1 (E.D. La. Aug. 4, 2000). Rule 8 simply calls for a "short and plain statement of the claim" to give the defendant fair notice of the claim and the grounds upon which it rests. *Dubuque Barge & Fleeting Serv., Inc., v. Plaquemines Parish Gov.*, No. 10-0516, 2010 WL 1710372 at *2 (E.D. La. April 23, 2010); *citing Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul 10, 2006); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co.,* 173 F.3d 946, 951 (5th Cir. 1999)(reasoning that Rule 8 only requires a short and plain statement of sufficient to (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist.").

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice. *Dubuque,* 2010 WL 1710372 at *2; *Blum v. Roberts*, No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006). Therefore, a motion for a more definite statement is inappropriate where the parties can discover additional information through discovery. *Id.* Importantly, a party may not use a Rule 12(e) motion as a substitute to discovery. *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, No. 10-1333 c/w 10-2296, 2012 WL 2087438 (E.D. La. June 8, 2012); *see also Gibson v. Deep Delta Contractors, Inc.*, No. 97-3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a

responsive pleading and must point out the defects complained of and the details desired." Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order. *Id.*

## III. Analysis

Defendant contends that Plaintiff should amend the complaint to provide clarification as to which "hourly offshore personnel" are to be included in this action. Defendant contends that this term is broad, and may potentially include boat captains, pilots, stewards, mates, engineers, deckhands, boatswains, mechanics, navigators, technicians, cooks, welders, divers, electricians, and many other positions, which Defendant argues, leaves it guessing as to which employees Plaintiff claims it allegedly failed to pay overtime in violation of the FLSA. *See* R. Doc. 6, p. 2, ¶3.

Defendant also argues that because Plaintiff's complaint does not limit the "hourly employees" who are to be included in this action, Plaintiff should amend his complaint to provide clarification as to which employees and which "job duties" are at issue. *See* R. Doc. 6-1, p. 2. Defendant argues that clarification of the scope and meaning of which "hourly offshore personnel" and which "job duties" are at issue will allow for Defendant to determine (1) if Plaintiff or putative class members are seamen and therefore exempt from overtime under the FLSA; (2) if Plaintiff and the putative class are similarly situated; (3) which employees are in the proposed class; and (4) whether the performance of the alleged job duties is compensable time. *Id. See* R. Doc. 6, at ¶¶ 4-5.

Defendant supports his argument by citing to *Woodward v. FedEx Freight East, Inc.*, 250 F.R.D. 178 (M.D. Pa. 2008) where a Court granted defendant's motion for more definite statement because the proposed collective action group was defined as "all current and former Fed Ex Freight

employees denied overtime compensation," as the proposed class as stated in Plaintiff's complaint, afforded the defendant no basis to compose a responsive pleading. *Woodward*, at 192.

Defendant also cites to *Wallace v. Chevron Oronite Co., L.L.C.*, 2007 WL 1747004 (E.D. La. June 14, 2007), where this Court granted Defendant's motion for more definite statement with respect to Plaintiff's class action. The Court required Plaintiffs to indicate whether they resided, were present, or both, in the affected area during the relevant time period, to identify the "types of alleged damages that they have individually suffered, and provide some indication of the severity of those damages. . ." as the Complaint merely alleged that "all [plaintiffs] reside and/or were present within the affected area . . . and [] suffered personal injuries and/or their real and personal property [was] contaminated by the release of maleic anhydride and other harmful substances." *Wallace*, 2007 WL 1747004, at *2. The Court stated that amending Plaintiff's complaint is important so as to "provide Defendants with adequate notice of Plaintiffs' individual claims and to facilitate consideration of Rule 23's requirements." *Id.*

Defendant analogizes these two cases to the instant matter, as it contends that Plaintiff's complaint is vague and ill-defined and should be amended so as not to leave it guessing which "hourly offshore employees" and which "job duties" are at issue in this action. *See* R. Doc. 6-1, pp. 3-7. Defendant also contends that the ambiguity in "offshore personnel" prevents it from determining whether the FLSA's seaman exemption is applicable to these employees, and whether the Plaintiff and the putative class members are similarly situated. *Id.* at 7. Lastly, Defendant contends that although a motion for more definite statement may not be appropriate where the parties can discover additional information through discovery, it may not have the opportunity to conduct discovery prior to Plaintiff moving for class certification. *Id.* (citing *Arceneaux v. Blanchard*

*Contractors*, 2013 WL 5329898 (E.D. La. Sept. 20, 2013)). Therefore, Defendant contends that it is unable to adequately respond to Plaintiff's Complaint and oppose conditional certification. As such, it seeks an Order from this Court directing Plaintiff to amend his complaint.

In opposition, Plaintiff contends that his complaint need not be amended to provide a description for which hourly employees he makes reference to, as he was paid hourly and only seeks to bring this suit on behalf of those employees who are paid hourly. *See* R. Doc. 12, p. 4. Plaintiff contends that because the FLSA does not define which employees are exempt from the provisions of the FLSA based on their status as "seaman," it adopts the U.S. Dept. of Labor's regulations.[2] *See* R. Doc. 12, p. 2, citing 29 C.F.R. §213 (b)(6); *see e.g.*, *Martin v. Bedell*, 955 F.2d 1029, 1039 (5th Cir. 1992).

As such, Plaintiff argues that being paid hourly, combined with his role as a diver does "not aid in the operation of the vessel," therefore he and his proposed class of "hourly offshore employees" do not fall under the seaman exemption to the FLSA as contemplated by Congress. *Id.* Furthermore, Plaintiff contends that because Defendant provides no argument or evidence that these traditionally exempt FLSA "seaman" are paid hourly, they do not fall under the category of potential claimants which are "hourly offshore personnel." Therefore, Plaintiff argues that he and other "hourly offshore employees" includes only those employees who do not meet the Department of

[2]The Department of Labor Regulations provides that an employee is a seaman if he (1) is the master or is subject to the authority of the master of the vessel; (2) performs as master or subject to the authority, direction and control of the master aboard the vessel which is rendered primarily in aide of operating the vessel as a means of transportation; and (3) performs no substantial amount of work of a different character. See R. Doc. 12, p. 2, citing 29 C.F.R. §213 (b)(6); see e.g., Martin v. Bedell, 955 F.2d 1029, 1039 (5th Cir. 1992).

Labor's definition of "seaman" so as to be exempt from the provisions of FLSA. *Id.* [3]

Plaintiff also argues that Defendant must "know the job categories of its vessel based employees that are paid hourly," so as to place Defendant on notice of the potential employees who may be included in the class. *See* R. Doc. 12, p. 4. It also contends that use of the term "hourly employees" has been upheld by a Court in this Circuit so as to define collective action membership. *See Kelley v. Cal-Dive International, Inc.*, No. 13-001, 2013 WL 2190050, at *1 (S.D. Tex. May 20, 2013) (the Court upheld Plaintiff's "Motion for Notice to Potential Class Members" who were described as "offshore employees who are paid on an hourly basis" for the time the potential plaintiffs spent "attending compulsory daily safety meetings, time spent for shift relief briefings, and time spent mobilizing and demobilizing for every offshore hitch"); *see also Lindberg v. UHS of Lakeside, LLC.*, 761 F.Supp.2d 752 (W.D.Tenn.2011) (Class of all "non-exempt hourly employees" who worked for at defendant's behavioral health facilities in Memphis, Tennessee, regardless of job classification and duties, certified to pursue a claim for requiring them to work during unpaid 30 minute meal break); *Doucoure v. Matlyn Food, Inc.*, 554 F.Supp.2d 369 (E.D.N.Y.2008) (Class of "any and all" hourly employees of defendant's supermarket certified).

Finally, Plaintiff argues that the activities which he and the proposed putative class allegedly did not receive compensation for are clearly pled, sufficient and adequate. Specifically, Plaintiff

---

[3]Plaintiff cites to *McLauglin v. Harbor Cruises, LLC.,* No. 06-11299, 2012 WL 3065380 at *7, n.4 (D. Mass. 7/20/12), for the proposition that "the term 'seaman' includes members of the crew such as sailors, engineers, radio operators, firemen, pursers, surgeons, cooks, and stewards if, as is the usual case, their service is of the type described in § 783.31 An employee employed as a seaman does not lose his status as such simply because, as an incident to such employment, he performs some work not connected with the operation of the vessel as a means of transportation, such as assisting in the loading or unloading of freight at the beginning or end of a voyage, if the amount of such work is not substantial." (internal quotation marks omitted).

alleged that he and all those similarly situated were required to work "'off the clock'. . . and was allegedly not paid for '(a) mandatory daily safety meetings prior to the start of their twelve-hour shifts, (b) man to man shift relief, and (c) travel time spent mobilizing and demobilizing prior to and following each hitch.'" *See* R. Doc. 1, p. ¶1-2,¶12.

Defendant filed a Reply to Plaintiff's opposition which argues that Plaintiff's response does not cure the alleged deficiencies and ambiguities in the original complaint as it does not state which employees Plaintiff will be in the purported class definition, or a summary of job descriptions/duties. *See* R. Doc. 16, p. 1. Defendant also reiterates its arguments that "hourly offshore personnel," or "hourly offshore personnel who are not seaman," as Plaintiff states in his opposition, inappropriately and improperly leaves it guessing *who* should be in the putative class, *what* relief is being sought, and *why* that person believes he is entitled so that the appropriate affirmative defenses may be pled. *Id.* at 2.[4]

Rule 8 only requires a party provide a "short and plain statement" of the claim showing that the pleader is entitled to relief, so as to give the opposing party notice of the claims, and provide an adequate opportunity to respond to said claims. *Dubuque*, 2010 WL 1710372 at *2; Fed. R. Civ. P. 8(a). Only if a pleading is unintelligible or so vague or ambiguous that ascertaining the relief is unduly prejudicial to the defendant, is a Rule 12(e) motion for more definite statement appropriate. *Coleman v. H.C. Price Co.*, No. 11-2937, 2012 WL 1118775, at *6 (E.D. La. April 3, 2012).

---

[4] Defendant represents to the Court that counsel for Plaintiff is also counsel in three other generic cases alleging FLSA violations which were filed in November 2013. Defendant argues that each of the other cases use virtually identical boiler plate forms. *See e.g.*, R. Doc. 16, p. 2. The cases are *Charrier v. Divcon, L.L.C.*, No. 2:13-cv-06392; *Gaines v. Oceaneering International, Inc.*, No. 3:13-cv-00408; *Ralston v. Ranger Offshore, Inc.*, No. 3:13-cv-00397; *Ralston v. Blackwater Diving, LLC.*, No. 2:13-cv-06348. Defendant also argues that in two other cases where counsel for Plaintiff represents potential class members, the class is clearly defined by the particular job title, by the putative class members' specific job duties and the alleged violations that they suffered. Counsel for Defendant argues that it seeks the same here. *Id.* at 3.

"Notice pleading and not fact pleading, as in state court, is all that is required under the Federal Rules of Civil Procedure." *Simoneaux v. Jolen Operating, Co.*, No. 04-2467, 2004 WL 2988506, at *1 (E.D. La. Dec. 15, 2004). The United States Supreme Court has emphasized the liberality and broad interpretation of pleadings under Rule 8, so as not to require "hyper technical code pleadings." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). However, even though "a complaint does not need 'detailed factual allegations . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's definition of the proposed putative class as "hourly offshore employees" has been used by this Circuit and others to define a putative class. *See e.g.*, *Kelley v. Cal-Dive International, Inc.*, No. 13-001, 2013 WL 2190050, at *1 (S.D. Tex. May 20, 2013) (the Court upheld Plaintiff's "Motion for Notice to Potential Class Members" who were described as "offshore employees who are paid on an hourly basis" for the time the potential plaintiffs spent "attending compulsory daily safety meetings, time spent for shift relief briefings, and time spent mobilizing and demobilizing for every offshore hitch"); *see also Lindberg v. UHS of Lakeside, LLC.*, 761 F.Supp.2d 752 (W.D.Tenn.2011) (Class of all "non-exempt hourly employees" who worked for at defendant's behavioral health facilities in Memphis, Tennessee, regardless of job classification and duties, certified to pursue a claim for requiring them to work during unpaid 30 minute meal break); *Doucoure v. Matlyn Food, Inc.*, 554 F.Supp.2d 369 (E.D.N.Y.2008) (Class of "any and all" hourly employees of defendant's supermarket certified).

As such, this Court finds that Plaintiff's complaint has provided Defendant's with adequate notice as to who the putative class consists of, "hourly offshore employees who are not seaman,"

and based upon this classification, which job duties or at least the "universe of the class functionality" of the proposed putative class's job duties.

## IV. Conclusion

**IT IS ORDERED** that Defendant, Blackwater Diving, LLC.'s ("Defendant") **Motion for More Definite Statement (R. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this 14th day of January 2014

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**